IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MALIK NASIR,                          )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )    Civ. No. 24-97-CFC
                                      )
NAIMA NASIR, *et al.*,                )
                                      )
        Defendants.                   )

## MEMORANDUM OPINION

Malik Nasir, Dover, Delaware – *Pro Se* Plaintiff

February 18, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I.    INTRODUCTION

On January 25, 2024, Plaintiff Malik Nasir filed this civil action *pro se*. (D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II.    BACKGROUND

The Complaint alleges violations of Plaintiff's Sixth Amendment Due Process rights by Defendants Naima Nasir, Register of Wills, Court of Chancery, and Adam Gerber, arising from a May 30, 2023 trial in the Delaware Court of Chancery, involving the contested will of Plaintiff's mother and the distribution of her estate. (D.I. 2 at 1-2; *see also id.* at 3.) The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

A judgment was entered on May 30, 2023, by Defendant Court of Chancery, which resulted in Plaintiff's sister, Defendant Naima Nasir, owing Plaintiff a debt of $101,265.79. (D.I. 2 at 1; *see also id.* at 3.) This judgment amount was exactly half of the money that Plaintiff's sister acquired from Plaintiff's mother's will. (*Id.*)

1

Plaintiff was wrongfully left out of the will, and that the judgment last May was a remedy for this. (*Id.*)

Plaintiff now seeks an Order from this Court to place a lien on his sister's property and force her to pay the $101,265.79, as well as interest. (*Id.* at 1.) Plaintiff also seeks to obtain a portion of a separate, and unaccounted-for, annuity that Plaintiff's sister admitted to acquiring during the trial last May. (*Id.*) Additionally, Plaintiff seeks $200,000 from Defendants Court of Chancery and Register of Wills for emotional distress, pain, and suffering. (*Id.*) Last, Plaintiff seeks $100,000 from Defendant Adam Gerber for committing legal malpractice by failing to contact Plaintiff or notify him of the trial last May. (*Id.* at 1-2.)

Attached to Plaintiff's Complaint is a copy of a "Civil Action to Enforce the Payment of Debt from a Judgment" filed by Plaintiff, on January 17, 2024, in the Superior Court of the State of Delaware, against Defendants Naima Nasir, Register of Wills, and Court of Chancery. (*Id.* at 3-5.) In the Delaware Superior Court filing, Plaintiff raises similar, if not the same, claims against Defendants Naima Nasir, Register of Wills, and Court of Chancery. (*Id.*)

III.    **SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails

2

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive

3

plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.  **DISCUSSION**

Even when liberally construing Plaintiff's pleading and viewing the Complaint in the light most favorable to Plaintiff, the Complaint fails to state a claim and 28 § 1915(e)(2)(B)(ii) warrants dismissal. According to the Complaint, this case presents a Sixth Amendment Due Process claim. (D.I. 2 at 2.) First, this claim fails because the Sixth Amendment applies only in "criminal prosecutions," which the

4

May 2023 trial at issue was not, allegedly.  U.S. Const. amend VI.  Second, liberally construing this claim as a Fourteenth Amendment Due Process claim, it still fails. To state a Fourteenth Amendment Due Process claim, Plaintiff must allege that he possessed a protected liberty or property interest and that he was deprived of that interest "without due process of law."  U.S. Const. amend XIV, § 1.  The Court cannot plausibly infer from the description of the trial last May, which allegedly resulted in money judgment in Plaintiff's favor, that Plaintiff's Fourteenth Amendment Due Process rights were violated.

As such, the Complaint fails to state a Due Process claim, and in the absence of such, there is no apparent basis for this Court's subject matter jurisdiction. Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the facts alleged do not present a discernable federal question. Furthermore, this case does not present diversity jurisdiction.  Diversity jurisdiction is, generally, required for this Court to hear a Delaware State law claim.  *See* 28 U.S.C. § 1332(a)(1).  Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.  *See id.*  In this case, Plaintiff does not allege diversity jurisdiction, and the allegations in the Complaint do not establish diversity

jurisdiction, as Plaintiff and Defendants all appear to be citizens of Delaware.  (*See* D.I. 2.)  As such, this Court cannot hear Plaintiff's claims, and amendment is futile.

## V.   <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  As amendment is futile, the Court will dismiss the case with prejudice and close the case.

An appropriate Order will be entered.

6